IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRISTAN SCOTT POLINSKY,

                        Plaintiff,

  v.                                                               OPINION and ORDER

JESSICA SUE FISCHER – ESTATE,
DANE COUNTY DISTRICT ATTORNEY'S OFFICE,               24-cv-790-jdp
and MADISON POLICE DEPARTMENT,

                        Defendants.

---

      Plaintiff Tristan Scott Polinsky, proceeding without counsel, alleges that a Town of Madison police officer used excessive force against him. The court has already allowed Polinsky to proceed without prepaying any portion of the filing fee for this case.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915. In doing so, I must accept Polinsky's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      But even applying these standards, Polinsky's allegations do not state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires each allegation in the complaint to "be simple, concise, and direct." Rule 10(b) requires plaintiffs to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Polinsky says that he is suing for "civil rights violations," abuse, negligence, and excessive force. Dkt. 1, at 3–4. In the statement-of-the-claim portion of the complaint form, he says only "see attached." Polinsky attaches six documents to his complaint, all of which appear to be evidence related to his claims. Dkts. 1-1–1-6. But none of the documents provide a "short and plain statement" of his claims as required by Rule 8(a)(2), nor do they describe his claims in a way that complies with rules 8(d)(1) or 10(b). From the incident report Polinsky attached to the complaint, I take him to be asserting claims based on a March 2016 incident in which Town of Madison police officer Jessica Fischer used a taser on Polinsky and arrested him without a proper warrant. *See* Dkt. 1-1. But I cannot tell from the attachments which portions of this incident form the basis for Polinsky's claims, nor what each defendant did to harm Polinsky.

There is another problem with Polinsky's complaint. His claims appear to be based on an incident that occurred in 2016, which raises the question whether they are barred by the relevant statute of limitations. The statute of limitations is ordinarily an affirmative defense, but a district court may, on its own initiative, dismiss a claim that is clearly time-barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

For claims like these brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In 2016, Wisconsin's personal injury statute of limitations was six years. *Jacobs v. Schermitzler*, No. 22-c-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022). Polinsky did not file his complaint until November 2024, so it appears to be untimely by more than a year.

I will dismiss Polinsky's complaint for violating Rule 8, and I will give him a short time to file an amended complaint that explains how each defendant harmed him and why his claims are not barred by the statute of limitations. Polinsky should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. I will direct the clerk of court to send Polinsky a copy of the court's non-prisoner complaint package, which Polinsky may use in drafting his amended complaint. If Polinsky fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted.

Polinsky also moves for the court to recruit counsel for him. Dkt. 6. A court will seek to recruit counsel for a pro se litigant only when he demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote,* 503 F.3d 647, 654–55 (7th Cir. 2007). I will deny Polinsky's motion for recruitment of counsel without prejudice because I cannot determine at this early stage what legal and factual issues will be in dispute. Polinsky may renew his request for assistance recruiting counsel if his amended complaint passes screening, and I will evaluate it then.

ORDER

IT IS ORDERED that:

1. Plaintiff Tristan Scott Polinsky may have until July 9, 2025, to file an amended complaint in accordance with the instructions provided in this order.

2. If plaintiff does not submit an amended complaint by that date, I will dismiss this case.

3. Plaintiff's motion for assistance recruiting counsel, Dkt. 6, is DENIED without prejudice.

3

4. The clerk of court is directed to send plaintiff a copy of the court's non-prisoner complaint package.

Entered June 17, 2025.

                                                    BY THE COURT:

                                                    /s/

                                                    _____
                                                    JAMES D. PETERSON
                                                    District Judge